DLD-251                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1525
_____

SEBASTIAN L. ECCLESTON,
                                             Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-02654)
District Judge:  Honorable Joel A. Pisano

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 22, 2010
Before:  FUENTES, JORDAN AND HARDIMAN, Circuit Judges

(filed: August 9, 2010   )
_____

OPINION
_____

PER CURIAM

    Appellant Sebastian Leigh Eccleston appeals from the order of the United States

District Court for the District of New Jersey denying his petition for a writ of habeas

corpus under 28 U.S.C. § 2241.  We will summarily affirm.

Because the parties are familiar with the background, we will not present it at length. Eccleston is a State of New Mexico inmate who is currently serving his state sentence at the New Jersey State Prison. In 1996, he pleaded guilty to New Mexico charges of murder and conspiracy, and to federal charges in the District of New Mexico for separate offenses of carjacking, using and carrying a firearm during and in relation to a crime of violence, and other related charges. He was detained primarily in state custody and was temporarily transferred on writ to and from federal custody for his federal proceedings. Eccleston was sentenced for the state and federal convictions on the same day. He appeared first in federal court and was sentenced to a 417-month prison term. He later appeared in state court and was sentenced to life imprisonment plus a consecutive nine-year term. The state court judgment indicated that the state sentence was to run concurrently with the federal sentence. Eccleston began serving his state sentence that same day, October 29, 1996, and he is eligible for parole in the year 2026. His federal sentence is scheduled to begin upon his release from his state sentence.

In June 2008, Eccleston submitted a request to the federal Bureau of Prisons ("BOP"), seeking to have the non-federal institution in which he is serving his state sentence designated nunc pro tunc as the place for serving his federal sentence; the effect of that retroactive designation would be that he would be serving his federal sentence

2

concurrently with his state sentence.[1]  By letter dated February 18, 2009, the BOP

Designation and Sentence Computation Center denied Eccleston's request.  The BOP

noted that, although 18 U.S.C. § 3585(b) prohibits prior custody credit for time served on

a state sentence, Eccleston's case was evaluated for a nunc pro tunc designation under

Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).  After applying the relevant factors in

18 U.S.C. § 3621(b),[2] the BOP concluded that a nunc pro tunc designation is not

consistent with the goals of the criminal justice system.

Eccleston then filed the section 2241 habeas petition in this matter, seeking the

nunc pro tunc designation of the state prison of his current incarceration as his place of

federal confinement.  The government filed an answer to the habeas petition, along with

exhibits concerning Eccleston's case and the declaration of Kinda Flagg, Management

Analyst at the BOP Designation and Sentence Computation Center.  Eccleston filed a

reply to the government's answer.  On February 3, 2010, the District Court denied the

habeas corpus petition.  The court reasoned that the BOP properly conducted the analysis

under Barden and the factors of section 3621(b), and concluded that Eccleston had not

---

[1] Eccleston also requested sentence credit for pretrial confinement, but he did not seek relief on that issue in his section 2241 petition.  The District Court noted this in footnote 3 of its February 3, 2010 Opinion and dismissed any such claim without prejudice in its accompanying order.

[2] Section 3621(b) authorizes the BOP to designate the place of confinement for purposes of serving federal sentences of imprisonment.  See Barden, 921 F.2d at 482. The BOP can thus effect concurrency of a federal sentence and state sentence through a nunc pro tunc designation.

shown that the BOP abused its discretion in denying Eccleston's request for a nunc pro tunc designation.

Eccleston appeals. This Court granted him leave to appeal in forma pauperis and advised him that his appeal would be considered for possible summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Eccleston has submitted a written response in support of his appeal. He has also filed a motion for appointment of counsel.

We have jurisdiction under 28 U.S.C. § 1291. To the extent that the issues raised by the appeal are legal in nature, we exercise plenary review. See Barden, 921 F.2d at 479. However, insofar as the BOP reviewed Eccleston's request for a nunc pro tunc designation and considered the section 3621(b) factors, our review is limited to whether the BOP abused its exercise of its broad discretion in reviewing such requests. See id. 921 F.2d at 478.

In Barden, we held that the BOP has the statutory authority to make the nunc pro tunc designation, but we emphasized that the BOP has wide discretion in determining whether to designate the state prison as the place of federal confinement. See id. at 483. We did not hold that the petitioner in Barden was entitled to a favorable exercise of the BOP's discretion, and we explained that the determination would depend on the BOP's practice in making such designations and its assessment of all the factors that govern the issue. See id. at 478. We also noted that neither the federal courts nor the BOP are bound

4

in any way by the state court's instruction that the state and federal sentences were to run concurrently.  See id. n.4 (citing U.S. Const. art. VI, cl. 2.).

Upon review of the record, we agree with the District Court that Eccleston has not made the showing required for the writ to issue.  The BOP reviewed Eccleston's request under the relevant factors stated in section 3621(b) and relied on section 3621(b)(2), the nature of Eccleston's federal crimes (carjacking and related crimes); section 3621(b)(3), Eccleston's history and characteristics (the state convictions for murder and conspiracy for which he is currently incarcerated, as well as additional convictions for unlawful taking of a motor vehicle, aiding and abetting a carjacking, aggravated battery, assault, and other state crimes); and section 3621(b)(4), relevant statements by the sentencing court.  Concerning statutory factor (4), the BOP noted that the federal judgment and commitment order was silent regarding the relationship of the federal and state sentences, so the BOP contacted the sentencing judge.  See Barden, 921 F.2d at 483 (noting that the statute wisely requires the BOP to solicit the views of the sentencing judge whenever possible).  The sentencing judge responded in a letter dated January 6, 2009, indicating that it was his intent at the time of sentencing that Eccleston's federal sentence be served consecutively to his state sentence, and that he opposed a retroactive designation of the federal sentence.  It appears from the record that the BOP duly considered Eccleston's request, weighed the factors, and properly exercised its discretion under section 3621(b).

In his argument in support of his appeal, Eccleston appears to focus on factor (4), the sentencing judge's later-stated position regarding consecutive service of the sentence, where there was no such statement at sentencing. As Eccleston emphasizes in his argument, he was sentenced in federal court before he was sentenced in state court. His argument, as we understand it, is that the federal sentencing judge could not have ordered his federal sentence to run consecutively to his state sentence because his state sentence did not yet exist at the time of his federal sentencing, and the BOP's denial of his nunc pro tunc request based on factor (4) was an abuse of discretion. We are unpersuaded by this argument. The BOP's denial did not rely exclusively on factor (4). Indeed, the BOP stated that a nunc pro tunc designation in Eccleston's case "is not consistent with the goals of the criminal justice system due to the Court's intent, nature of your state conviction, and repetitive criminal conduct." (Response to Section 2241 Petition, Attachment 9 to Declaration of Kinda Flagg.) Eccleston does not contest the BOP's evaluation of the other relevant factors relating to his federal offenses and his state criminal history, as was set forth in the BOP's decision letter. The test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice. See Barden, 921 F.2d at 479. Here, the BOP did not consider factors outside of the statute, and we can not say that a serious potential for a miscarriage of justice is implicated in the exercise of the BOP's exercise of its discretion in this case. We discern no abuse of

6

discretion here.

Because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6, we will summarily affirm the order of the District Court denying Eccleston's section 2241 petition. Eccleston's motion for appointment of counsel is denied.